UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SYLVANNA MORALES,

    Plaintiff,                                     CASE No.: 22-cv-1718

vs.

TARGET CORPORATION,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SYLVANNA MORALES, (hereinafter "Plaintiff" or "Ms. Morales"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, TARGET CORPORATION (hereinafter "Defendant" or "Target"), and alleges:

**JURISDICTION AND VENUE**

1. This is an action for damages under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA").

2. In this civil action Plaintiff has also brought claims against her former employer for monetary damages, declaratory relief, and for other equitable relief pursuant to the Florida Civil Rights Act ("FCRA") § 760.01, *et al*.

3. This Court has jurisdiction over Plaintiff's Title VII claims under 28 U.S.C. §§ 1331 and 1343.

4. This Court has supplemental jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1367.

1

5.	Venue is appropriate in the Middle District of Florida because the events giving rise to the cause of action occurred in Hillsborough County, Florida.

## PARTIES

6.	The plaintiff, SYLVANNA MORALES, is a resident of Hillsborough County, Florida.

7.	The defendant, TARGET CORPORATION, is a For Profit Corporation principally located at 1000 Nicollet Mall, Minneapolis, Minnesota 55903.

8.	During the time of these allegations, Plaintiff worked at the Target located at 13658 University Plaza Street, Tampa, Florida 33613, in Hillsborough County.

## ADMINISTRATIVE PREREQUISITES

9.	Ms. Morales has satisfied all prerequisites necessary to bring this cause of action. Plaintiff filed a charge jointly with the EEOC and the Florida Commission on Human Relations (FCHR). Plaintiff did not receive a determination after 180 days and requested a right to sue letter from the EEOC, which she received. Plaintiff filed this action before the expiration of any deadlines to file suit.

## GENERAL ALLEGATIONS

10.	In December 2017, Sylvanna Morales was hired at Target's University location as a "P Fresh" Food Service Expert.  Ms. Morales was to ensure that fresh product was in stock, available, and accurately priced and signed on the sales floor. Ms. Morales reported to floor manager, Drew Knight, and team lead Melissa "B." About three months after Ms. Morales started, store manager Sydney Parker was promoted, and Carl (unknown last name) became the new store manager.

11. In late 2018, Carl's friend Don (unknown last name) transferred to the University location to work in Ms. Morales' department becoming her co-worker. At first, Don tried hard to befriend Ms. Morales but over time his behavior became very sexual and inappropriate for the workplace.

12. Don would frequently make comments about Ms. Morales' breasts, rub his crotch against her backside and even showed her pornographic images and videos on his phone. Additionally, on more than one occasion Don would corner Ms. Morales in the freezer and expose his genitalia to her.

13. Don told Ms. Morales that he was friends and close to Mr. Knight, her supervisor. Therefore, Ms. Morales was afraid to report the inappropriate actions to Mr. Knight fearing she would lose her job.

14. In mid-2020, Mr. Knight was transferred to another location and Ashley (unknown last name) became the floor manager.

15. In early March 2021, while working in the freezer, Don noticed a hole in Ms. Morales' pants and proceeded to stick his finger in the hole and used it to pull her into his body.

16. After a couple of days, Ms. Morales went to Ashley and told her what had happened and let her know that she could no longer work for Target as it was clear they refused to do anything to discipline Don for his actions.

17. Ashley asked her not to quit but instead recommended she take a leave of absence. After taking about a week off, Ashley placed Ms. Morales back on the schedule as a cashier.

18. On April 9, 2021, Ms. Morales returned to work as a cashier. Shortly after Ms. Morales arrived, Don came by her register, staring and smiling at her.

19. Upset that her reports of Don's harassment had not been taken seriously, Ms. Morales went to the store manager at the time, Ms. Jocelyn Cintron, and told Ms. Cintron that she could no longer work with Don. Ms. Cintron asked Ms. Morales to take a week off while they figured out the situation.

20. On April 12, 2021, Ms. Cintron emailed Ms. Morales and gave her the option to transfer to another Target location. Unfortunately, Ms. Morales could not transfer because it was much further from her home and she did not have reliable transportation.

21. A few days later, Target fired Don for using vulgar language with a vendor. Target notified Ms. Morales that Don no longer worked for Target and that she could come back from her unpaid leave of absence. It was not until she returned to work that Ms. Morales learned that Don had been fired for use of vulgar language and not for sexual harassment.

22. This upset Ms. Morales because she felt that Target did not take her reports of sexual harassment seriously and did not value her as an employee. Ms. Morales was frequently reminded by co-workers why Don was no longer employed and found that managers were mocking her.

23. Ms. Morales suffered and continues to suffer from post-traumatic stress from Don's harassment and the lack of remedial action taken to avoid harassment.

24. On or about May 10, 2021, Ms. Morales resigned from her position because she felt Target did not take her reports of sexual harassment seriously.

25. On July 10, 2021, Ms. Morales filed an EEOC charge of discrimination against Target for gender discrimination and retaliation relating to sexual harassment and hostile work environment.

26. On or about July 2021, Ms. Morales began working at Wal-Mart in the produce section but was reminded of the fear she experienced at Target while working in the produce department.

27. Plaintiff has incurred costs in bringing this action.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT

28. Plaintiff, SYLVANNA MORALES, re-alleges and incorporates the paragraphs set forth above as if set forth herein in full.

29. Ms. Morales is a woman and as such, is a member of a protected class.

30. At all material times, Ms. Morales was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C. §2000e.

31. Ms. Morales was, and is, qualified for the positions that she held with the Defendant.

32. Ms. Morales has endured a hostile work environment because she is woman. The hostile work environment consisted of continuous sexual comments, sexual harassment, sexual suggestions and inappropriate romantic overtures.

33. The hostile work environment altered the terms and conditions of her employment and caused her to quit.

34. Defendant's actions, as set forth above, constitute intentional discrimination on the basis of Plaintiff's sex in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

35. As a direct and proximate result of the violations of 42 U.S.C. §2000e et seq. as referenced and cited herein, Ms. Morales has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

36. As a direct and proximate result of the violations of 42 U.S.C. §2000e et seq. as referenced and cited herein, and as a direct and proximate results of the prohibited acts perpetrated against her, Ms. Morales is entitled to all relief necessary to make her whole as provided under 42 USC § 2000e et seq.

37. As a direct and proximate results of Target's actions, Ms. Morales has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

38. Ms. Morales has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, prerequisites, and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees and costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, GENDER DISCRIMINATION – SEXUAL HARASSMENT

39. Plaintiff, SYLVANNA MORALES, re-alleges and incorporates the paragraphs set forth above as if set forth herein in full.

40. Ms. Morales is a woman and as such, is a member of a protected class.

41. At all material times, Ms. Morales was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

42. Ms. Morales was, and is, qualified for the positions that she held with the Defendant.

43. Ms. Morales has endured a hostile work environment because she is a woman. The hostile work environment consisted of continuous sexual comments, sexual harassment, sexual suggestions and inappropriate romantic overtures.

44. The hostile work environment altered the terms and conditions of her employment and caused her to quit.

45. Defendant's actions, as set forth above, constitute intentional discrimination on the basis of Plaintiff's sex in violation of the FCRA.

46. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, Ms. Morales has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

47. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate results of the prohibited acts perpetrated against her, Ms. Morales is entitled to all relief necessary to make her whole as provided under the FCRA.

48. As a direct and proximate results of Target's actions, Ms. Morales has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

49. Ms. Morales has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, prerequisites, and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees and costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

### COUNT III – VIOLATION OF TITLE VII – RETALIATION

50. Plaintiff, SYLVANNA MORALES, re-alleges and incorporates the paragraphs set forth above as if set forth herein in full.

51. At all material times, Ms. Morales was an employee and the Defendant was her employer covered by and within the meaning of Title VII.

52. Ms. Morales was qualified for the position that she held with the Defendant.

53. Following Ms. Morales' objections to harassment, the Defendant retaliated by altering the terms and conditions of her employment.

54. Ms. Morales complained to the Defendant about sexual harassment.

55. Ms. Morales' complaints of sexual harassment constitute a protected activity.

56. After Plaintiff complained of sexual harassment, Target placed her on unpaid leave to investigate her allegations.

57. The acts of Defendant, as set forth above, constitute retaliation in violation of Title VII.

58. As a direct and proximate results of the violations of Title VII, as referenced and cited herein, Ms. Morales lost income for the period she was placed on administration leave.

59. As a direct and proximate results of the Defendant's actions, Ms. Morales has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

60. Ms. Morales has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, prerequisites, and other compensation for employment which Plaintiff would have received had she not been forced to take administration leave;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees and costs;

    v.      Compensatory damages;

    vi.     Punitive damages, and;

    vii.    Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 – RETALIATION

61.    Plaintiff, SYLVANNA MORALES, re-alleges and incorporates the paragraphs set forth above as if set forth herein in full.

62.    At all material times, Ms. Morales was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

63.    Ms. Morales was qualified for the position that she held with the Defendant.

64.    Following Ms. Morales' objections to harassment, the Defendant retaliated by altering the terms and conditions of her employment.

65.    Ms. Morales complained to the Defendant about sexual harassment.

66.    After Plaintiff complained of sexual harassment, Target placed her on unpaid leave to investigate her allegations.

67.    The acts of Defendant as set forth above constitute retaliation in violation of the FCRA.

68.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, Ms. Morales lost income for the period she was placed on administrative leave.

69. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, Ms. Morales has lost all the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

70. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, Ms. Morales is entitled to all relief necessary to make her whole as provided for under FCRA.

71. As a direct and proximate result of the Defendant's actions, Ms. Morales has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

72. Ms. Morales has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, prerequisites, and other compensation for employment which Plaintiff would have received had she not been forced to take administration leave;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees and costs;

  v.  Compensatory damages;

  vi.  Punitive damages, and;

  vii.  Such other relief as this Court shall deem appropriate.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Dates this 29th day of July 2022.

            */s/ Gary L Printy, Jr, Esq*
            **Gary L. Printy, Jr**
            Florida Bar No. 41956
            **PRINTY & PRINTY, P.A.**
            3411 W. Fletcher Ave., Suite A
            Tampa, Florida 33618
            Telephone (813) 434-0649
            FAX (813) 423-6543
            garyjr@printylawfirm.com
            e-service@printylawfirm.com
            *Attorney for Plaintiff Sylvanna Morales*